UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| C1 DESIGN GROUP, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | Case No. 1:15-cv-00146-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION FOR RELIEF FROM REQUIREMENT THAT PERSON WITH FULL SETTLEMENT AUTHORITY ATTEND MEDIATION (DKT. 37)** |

## INTRODUCTION

  Pending before the Court is Defendant United States of America's Motion for Relief from Requirement that Person with Full Settlement Authority Attend Mediation. (Dkt. 37.) All parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. 28) *See* 28 U.S.C. § 636(c)(1); *see also* Dist. Idaho L. Rule 73. In the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, Defendant's motion will be decided without oral argument. Dist. Idaho L. Rule 7.1(d). For the reasons that follow, the Court will grant Defendant's motion.

**MEMORANDUM DECISION AND ORDER RE: MOTION FOR RELIEF FROM REQUIREMENT THAT PERSON WITH FULL SETTLEMENT AUTHORITY ATTEND MEDIATION - 1**

## DISCUSSION

This matter arises from the disallowance by the Internal Revenue Service of a tax refund to Plaintiff C1 Design Group LLC in the amount of $28,755. 39. The parties are set to attend mediation on June 13, 2016. Defendant, the United States of America contends it should be excused from the requirement that a person with full settlement authority be physically present at the mediation, and instead requests the person with full settlement authority be available by telephone. Plaintiff, without citing any legal authority, disagrees.

Pursuant to the Court's Order, "parties who have settlement authority shall participate in mediation…." (Dkt. 26 at 2.) *see also* Fed. R. Civ. P. 16(c)(1) ("If appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement."). However, The United States Court of Appeals for the Ninth Circuit in *United States v. U.S. Dist. Court for N. Mariana Islands*, 694 F.3d 1051, 1055 (9th Cir. 2012), *as amended* (Oct. 16, 2012), found district courts should "take a 'practical approach' in determining whether to require the government to send a representative with full settlement authority to a pretrial conference and should consider less drastic steps before doing so." *Id.* (internal citations omitted).

In its application of this "practical approach," the Ninth Circuit in *Mariana Islands* found the district court abused its discretion by ordering a United States Tax Division representative with full settlement authority to be present at a settlement conference

**MEMORANDUM DECISION AND ORDER RE: MOTION FOR RELIEF FROM REQUIREMENT THAT PERSON WITH FULL SETTLEMENT AUTHORITY ATTEND MEDIATION - 2**

involving a tax refund, because the lowest level official who could attend the settlement conference, the Assistant Attorney General of the Tax Division, could not practically "prepare and appear at all settlement conferences," given the size of her caseload. *Id.*

Here, the Court is presented with a similar issue: the only persons with full settlement authority in this case are the Attorney General of the United States, the Chief of the Tax Division's Civil Trial Section for the Western Region, and his two Assistant Section Chiefs.[1] Richard Ward, the Chief of the Tax Division's Civil Trial Section for the Western Region is responsible for more than 600 active cases assigned to trial attorneys in his office (this case being one of them), 700 additional cases pending in the Tax Divisions of the United States Attorneys' Office in Los Angeles and San Francisco California, and many more tax cases that are handled by Assistant United States Attorneys and Special Assistant United States Attorneys throughout the Western Region. Ward's two Assistant Section Chiefs each supervise half of the trial attorneys and support staff, handling more than 300 cases apiece. Like in *Mariana Islands*, it would be impractical, if not impossible, to expect Ward or his Assistant Section Chiefs to prepare and appear for all settlement conferences given their caseload.

---

[1] Pursuant to 26 U.S.C. §7122, settlement authority for this case rests with the Attorney General of the United States or his delegates. The case may be settled only by delegates of the Attorney General in accordance with the regulations published in 28 C.F.R. § § 0.70, 0.160, 0.162, 0.164, 0.166, and 0.168, and Tax Division Directive No. 105, published in 28 C.F.R. Part O, Subpart Y, Appendix, as effective on June 14, 1995. Justice Department regulations confirming settlement authority are valid and binding. *See Mariana Islands*, 694 F.3d at 1054-55& nn. 3-4. The Chief of the Tax Division's Civil Trial Section for the Western Region, Richard Ward is authorized to accept settlement offers in which the amount of the Government's tax liability does not exceed $500,000. In cases where the Government's concession of tax liability does not exceed $250,000, Ward may delegate authority to one of the two Assistant Section Chiefs.

**MEMORANDUM DECISION AND ORDER RE: MOTION FOR RELIEF FROM REQUIREMENT THAT PERSON WITH FULL SETTLEMENT AUTHORITY ATTEND MEDIATION - 3**

Plaintiff has set forth no reasons as to why the Assistant Section Chiefs should not be excused from the requirement to attend the mediation set for June 13, 2016. A less drastic step is to require the attorney handling the case to attend the mediation, with the Assistant Section Chief available by telephone.[2] Accordingly, the Court will grant the motion.

## ORDER

1. Defendant's Motion for Relief from Requirement that Person with Full Settlement Authority Attend Mediation (Dkt. 37) is **GRANTED.**

Dated: **May 24, 2016**

Honorable Candy W. Dale
United States Magistrate Judge

---

[2] Availability by telephone does not mean the Assistant Section Chief must be conferenced in and listen to the entirety of the mediation as this too would defeat the purpose of excusing his or her attendance of the mediation—it would be impractical for the Assistant Section Chiefs to prepare and be telephonically present for all settlement conferences and mediations for the entirety of their cases. However, the Assistant Section Chief must be available by telephone throughout the day so the attorney handling the case can easily reach him or her to discuss potential settlement.

**MEMORANDUM DECISION AND ORDER RE: MOTION FOR RELIEF FROM REQUIREMENT THAT PERSON WITH FULL SETTLEMENT AUTHORITY ATTEND MEDIATION - 4**