UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| C1 DESIGN GROUP, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Internal Revenue Service,<br><br>          Defendant. | Case No. 1:15-cv-000146-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION FOR ATTORNEY'S FEES AND COSTS (DKT. 108)** |

       Pending before the Court is Plaintiff C1 Design's Motion for Attorney's Fees and Costs (Dkt. 108). Having reviewed the parties' briefs and the record in this matter, the Court concludes oral argument is not necessary. Dist. Idaho L. R. 7.1(d). Accordingly, for the reasons stated herein, the Court will grant in part and deny in part C1 Design's motion and will award attorney's fees in the amount of $33,735.00.

## PROCEDURAL BACKGROUND

On April 30, 2015, C1 Design filed this lawsuit against the United States seeking a refund of penalties paid to the Internal Revenue Service pursuant to 26 U.S.C. § 7422. C1 Design's refund suit addressed whether its failure to timely pay its excise taxes was due to reasonable cause and not to willful neglect. The premise of C1 Design's refund claim was a car accident involving its President, Ryan Harrison. The downstream effects of the car accident led to financial difficulties for the small business, which in turn resulted in the untimely payment of its excise taxes.[1]

On June 16, 2016, C1 Design sent the United States a 26 U.S.C. § 7430 Qualified Offer by mail, offering to settle the lawsuit for $14,285.00. (Dkt. 108-12.) On August 25, 2016, the United States notified C1 Design of its rejection of the Qualified Offer. (Dkt. 108-13.) While the Qualified Offer was pending, the United States filed a motion for summary judgment on all of C1 Design's claims. (Dkt. 41.) On December 20, 2016, the Court denied the motion and the case proceeded to trial. (Dkt. 69.)

Following a two-day jury trial beginning on January 31, 2017, the jury rendered its Special Verdict as to all relevant tax periods (Dkt. 102); Judgment was entered in favor of C1 Design in the amount of $29,530.61 on February 17, 2017. (Dkt. 103.)

---

[1] Prior to filing suit, C1 Design sought abatement of the penalties associated with its failure to timely pay its excise taxes from Q3 2010 through Q1 2013 by submitting an appeal to the IRS. In the course of its investigation, the IRS agreed that reasonable cause existed for C1 Design's failure to timely pay its excise taxes for the first four quarters of the relevant tax period (Q3 2010 through Q2 2011).

**MEMORANDUM DECISION AND ORDER RE: MOTION FOR ATTORNEY'S FEES AND COSTS - 2**

# STANDARD OF LAW

"Section 7430(a) permits the award of reasonable administrative and litigation costs to a taxpayer in an administrative or court proceeding brought against the United States in connection with the determination of any tax, interest, or penalty under the Code." *Fitzpatrick v. Comm'r of Internal Revenue*, 113 T.C.M. (CCH) 1416 (T.C. 2017). An award for costs may only be made if the taxpayer is the "prevailing party."[2]

To qualify as a prevailing party, a taxpayer must establish it "has substantially prevailed with respect to the amount in controversy, or…with respect to the most significant issue or set of issues presented." [3] Sec. 7430(c)(4)(A). However, prevailing party status is not without exception. For instance, if the taxpayer meets the prevailing party requirements, it is not treated as a prevailing party if the Government can establish its position in the proceeding was "substantially justified." Sec. 7430(c)(4)(B).

---

[2] Other requirements must also be established by the taxpayer to qualify for an award of costs, such as: (1) exhaustion of administrative remedies; and (2) the taxpayer must not have unreasonably protracted the proceedings. *See* Sec. 7430(b)(1) and (3). The United States does not dispute these requirements (other than prevailing party status) are met.

[3] The taxpayer must also meet certain net worth requirements and the requirements listed in the first sentence of: 28 U.S.C. § 2412(d)(1)(B):

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

The United States does not dispute C1 Design meets these requirements.

"The Government bears the burden to demonstrate that its position was substantially justified, both in the administrative proceeding and in the court proceeding." *Pacific Fisheries Inc., v. United States,* 484 F.3d 1103, 1107 (9th Cir. 2007) (government bears burden of establishing substantial justification). If the United States is successful in establishing that its position was substantially justified, the taxpayer may still be treated as a prevailing party if it makes a qualified offer and "the liability of the taxpayer pursuant to the judgment in the proceeding…is equal to or less than the liability of the taxpayer which would have been so determined if the United States had accepted [the] qualified offer." Sec. 7430(c)(4)(E)(i).

The qualified offer rule applies regardless of whether the United States' position in the proceeding was substantially justified. *Haas & Assocs. Accountancy Corp. v. C.I.R.*, 117 T.C. 48, 59 (2001), *aff'd,* 55 F. App'x 476 (9th Cir. 2003). An award of reasonable administrative and litigation costs permitted under the qualified offer rule includes only "those costs incurred on or after the date of the last qualified offer." 26 C.F.R. § 301.7430-7(a); Sec. 7430(c)(4)(E)(iii)(II).

Moreover, the Court may award only "reasonable litigation and administrative costs which are allocable to the United States," and not to any other party. 26 U.S.C. § 7430(b)(2). And, an attorney's hourly rate is subject to a presumptively reasonable rate set by statute at $200.00 per hour during 2015–2017. 26 U.S.C. § 7430(c)(B)(iii); Rev. Procs. 2009–50, 2010–40, 2011–52. An attorney may request a higher rate, but the Court must determine whether a special factor, such as a limited availability of qualified

attorneys for the proceeding, the difficulty of the issues presented in the case, or the local availability of tax expertise, justifies the higher rate. 26 U.S.C. § 7430(c)(B)(iii).

## DISCUSSION

C1 Design seeks $76,270.39 in attorney's fees and $1,485.63 in costs pursuant to 26 U.S.C. § 7430(a). Alternatively, if the Court finds the United States' position was substantially justified, C1 Design seeks an award of fees and costs accrued after it made its Qualified Offer, in the amount of $50,925.16. The United States concedes that C1 Design prevailed with respect to the amount in controversy; however, the United States contends its position was substantially justified, and therefore, C1 Design is entitled to fees and costs that accrued only after it submitted its Qualified Offer. The United States challenges also the reasonableness of the hourly rates requested by C1 Design's counsel (and his staff) and costs which lack proper documentation.

Because there is no dispute that C1 Design meets the statutory requirements for prevailing party status, the Court will first address whether the United States meets the "substantial justification" exception and the application of the Qualified Offer rule before discussing the reasonableness of the fees and costs requested by C1 Design.

### I. Position of the United States

The United States contends its position was substantially justified, and reasonable minds could differ on the existence of reasonable cause. C1 Design argues to the contrary, that because the jury found in favor of C1 Design for all relevant tax periods, reasonable minds could not differ as to the issues presented in this litigation. For the

following reasons, the Court finds the position taken by the United States was substantially justified.

"The United States' position was substantially justified if it is 'justified to a degree that satisfies a reasonable person,'" or has reasonable basis in both law and fact. *Pac. Fisheries Inc. v. United States*, 484 F.3d 1103, 1108 (9th Cir. 2007) (citing *Pierce v. Underwood,* 487 U.S. 552 (1988). In making its determination, Section 7430(c)(4)(B)(iii), requires the Court to "take into account whether the United States has lost in courts of appeal for other circuits on substantially similar issues." 26 U.S.C. 7430(c)(4)(B)(iii). "[L]osing does not mean substantially unjustified." *Van Duzer v. C.I.R.*, 9 F.3d 1555 (9th Cir. 1993) (citing *Pierce*, 487 U.S. at 569); *See Awmiller v. United States*, 1 F.3d 930, 931 (9th Cir. 1993) (affirming district court decision, that although plaintiff prevailed at trial, a reasonable person could have found that the plaintiff was responsible for its tax payment to IRS).

Although the jury found in its answers to the Special Verdict that C1 Design's failure to pay its excise taxes for all relevant tax periods was due to reasonable cause and not to willful neglect (Dkt. 102), the evidence offered by the United States at trial on the factual disputes was substantial. C1 Design's financial difficulties and how it managed and prioritized its finances during the relevant tax periods at issue were a big focus at trial. During the period C1 Design claimed it could not pay its excise taxes, the company continued to pay its managing members' salaries of over $100,000.00. C1 Design also prioritized other payments above its excise tax payments to the IRS, such as other tax

payments and severance and salary payments to John Talbot after the termination of his employment. And, nearly $8 million dollars flowed into C1 Design's accounts during the periods it owed excise taxes to the IRS. In consideration of this evidence, the Court finds that reasonable minds could differ as to whether C1 Design acted with reasonable cause when it failed to timely pay its excise tax obligations for the relevant time periods.[4]

Moreover, the United States' victories in the Ninth Circuit and other "courts of appeal for other circuits on substantially similar issues," lend further support for finding the position of the United States was substantially justified. For instance, the Ninth Circuit in *Van Camp & Bennion, P.S. v. United States*, affirmed summary judgment in the United States' favor where "[t]he record shows…the corporation was receiving large monthly deposits that were sufficent to meet its [employee withholding] tax obligations…. [and] the corporation was paying its president over $100,000 per year." 70 F. App'x 937, 938 (9th Cir. 2003); *see also Pac. Wallboard & Plaster Co. v. United States*, 319 F. Supp. 2d 1187, 1190 (D. Or. 2004), *aff'd,* No. 04-35511, 2005 WL 3113470 (9th Cir. Nov. 22, 2005) (where "Plaintiff had sufficient funds to pay the taxes owing for a given payroll period," but then "chose to use the money for other purposes," reasonable cause was not present).

---

[4] Having issued its Order on summary judgment, presided over the trial, and otherwise being fully advised of the evidence and controlling law in this case, the case did not present a "slam dunk" for either side. Had C1 Design's witness, Mr. Harrison, been less credible, the verdict may have gone the other way. *See Awmiller*, 1 F.3d at 991 ("One never knows until one watches it happen in front of the jury just how bad one's star witness is going to be."); *Van Duzer v. C.I.R.*, 9 F.3d 1555 (9th Cir. 1993) ("a court properly exercises its discretion in denying litigation costs…when the case turns on the credibility of witnesses.").

**MEMORANDUM DECISION AND ORDER RE: MOTION FOR ATTORNEY'S FEES AND COSTS - 7**

The only published opinion identified by the Court where reasonable cause on the basis of financial difficulties was found on summary judgment and affirmed on appeal is the Court of Appeal for the Third Circuit's opinion in *E. Wind Indus., Inc. v. United States*, 196 F.3d 499, 500 (3d Cir. 1999). In that case, suppliers were left unpaid for four years, one of the officers paid utilities from his personal account, and the officer had to personally guarantee payment to suppliers so that they would continue providing supplies without payments, which resulted in the officer being personally sued. *Id.* at 510.

In analyzing the same cases in ruling on the United States' motion for summary judgment, the Court found: "the evidence in this record regarding whether C1 Design exercised ordinary business care and prudence during the relevant tax quarters lays somewhere in the middle of these cases…." There were genuine issues of material fact regarding how long C1 Design could use the automobile accident as reasonable cause not to pay its taxes and also whether excise taxes should be given higher priority over C1 Design's other expenses, such as manager salaries and vendor payments. Considering the existence of only one known published case from another circuit where the United States lost on substantially similar issues (a case involving payroll and not excise taxes), it was reasonable for the United States to pursue this matter to trial to allow the jury to assess the credibility of the witnesses and other evidence, and to make factual findings for each tax quarter at issue. (Dkt. 102.)

After finding the United States' position was substantially justified, the Court next must consider whether C1 Design made a Qualified Offer pursuant to 26 U.S.C.

**MEMORANDUM DECISION AND ORDER RE: MOTION FOR ATTORNEY'S FEES AND COSTS - 8**

§ 7430(c)(4)(E), which imposes special rules when the judgment is less than the taxpayer's offer. 26 U.S.C. § 7430(c)(4)(E) provides:

> A party to a court proceeding meeting the requirements of subparagraph (A)(ii) shall be treated as the prevailing party if the liability of the taxpayer pursuant to the judgment in the proceeding (determined without regard to interest) is equal to or less than the liability of the taxpayer which would have been so determined if the United States had accepted a qualified offer of the party under subsection (g).

Under this section, C1 Design is a prevailing party, and thus, entitled to attorney's fees. C1 Design made a Qualified Offer to the IRS to accept a refund in the amount of $14,285 (versus the $28,573.88 as demanded in the Complaint) on June 16, 2016. After trial, the Court entered Judgment in favor of C1 Design in the amount of $29,560.61—the full amount of the late penalties and interest for the relevant tax quarters. C1 Design's tax liability therefore was reduced to zero. Accordingly, an award for reasonable attorney's fees is appropriate for legal services rendered after the date of the Qualified Offer, June 16, 2016.

## II. Reasonableness of Claimed Fees

### a. Adjustment of Attorney Fee Rate Beyond Statutory Cap

C1 Design seeks an award of attorney's fees billed by Mr. Martelle at $300 per hour and for an associate attorney at $250 per hour. In its fee petition, C1 Design contends the prevailing market rate for attorney's fees for this type of litigation is $300 per hour and that such rate is reasonable based upon a lack of available qualified tax attorneys in the Boise, Idaho market and the complexity of the litigation. The United States argues C1 Design has not established any "special factors" that warrant hourly fees

beyond the $200 statutory cap. For the following reasons, the Court agrees with the United States.

26 U.S.C. § 7430(c)(1)(iii) provides that the hourly rate for attorney fees must not be in excess of the statutory cap "unless the court determines that a special factor, such as the limited availability of qualified attorneys for such proceeding, the difficulty of the issues presented in the case, or the local availability of tax expertise, justified a higher rate." Although the statute speaks of "prevailing market rates," the "special factor" formulation "suggests Congress thought that [$200] an hour was generally quite enough public reimbursement for lawyers' fees, whatever the local or national market might be...." *Huffman v. C.I.R.*, 978 F.2d 1139, 1149 (9th Cir. 1992), *as amended* (Dec. 4, 1992) (quoting *Pierce . Underwood*, 487 U.S. 552, 572 (1988)). Counsel's expertise in tax law, in and of itself, is not a special factor justifying an upward departure. *Id.* at 978 F.2d at 1150. Rather, the special training must be in an area "needful for the litigation in question." *Id.* at 1149.

In support of its fee petition, C1 Design filed the Affidavit of Mr. Martelle of the Boise law firm Martelle & Associates, P.A. (Dkt. 108-14.) Mr. Martelle has been practicing law for 37 years; the last 16 years his primary focus has been in tax problem resolution and litigation. Mr. Martelle owns also The Tax Group, LLC, which has a Certified Public Accountant who works closely with Mr. Martelle and the associates in his firm. Mr. Martelle's regular hourly rate is $300 per hour; he asserts his rate is reasonable and the equivalent to what other attorneys with similar expertise and

experience charge. Mr. Martelle indicates further that he "believe[s he is] one of only a couple of Attorneys in Southwestern Idaho that almost solely represent clients in Tax Resolution and litigation matters."

The Court finds C1 Design failed to meet its burden in establishing a "special factor" that would otherwise warrant an upward adjustment of the statutory cap. While Mr. Martelle "believes" he is one of few tax attorneys in the Boise, Idaho market, he does not identify in his affidavit who those other attorneys are or the rates charged by those attorneys. Mr. Martelle's belief, without other evidence to corroborate it, is not sufficient to establish that Boise, Idaho, is lacking in qualified tax attorneys. Moreover, the Court finds the issues presented in this matter were not so difficult as to warrant an upward adjustment of attorney fees. The issues presented were not technical—neither side found it necessary to hire an expert, and the trial (including deliberations) was over in just two days. Finally, while the Court does not doubt Mr. Martelle's vast experience in tax law, such expertise alone is not a special factor to justify attorney's fees in excess of the statutory cap. For these reasons, the Court will award attorney's fees at the maximum statutory rate of $200 per hour for Mr. Martelle.

As for the associate attorney who expended work on this litigation, Austin Frates,[5] he did not file any declarations or affidavits indicating his experience to justify the rate requested of $250 per hour. The Court reduced Mr. Martelle's requested rate by approximately 33% and finds a reduction for associate attorney fees by approximately the

---

[5] Mr. Frates also billed time as a legal intern. (Dkt. 115-1.) As indicated below, the Court will adjust fees for Mr. Frates's time accordingly.

**MEMORANDUM DECISION AND ORDER RE: MOTION FOR ATTORNEY'S FEES AND COSTS - 11**

same percentage results in a reasonable rate that reflects the prevailing market rate for associate attorneys in the District of Idaho. Therefore, the Court will award attorney's fees at the rate of $150 per hour for Mr. Frates.

### b. Reasonableness of Paralegal and Legal Intern Fee Rate

C1 Design seeks reimbursement for the time expended by Mr. Martelle's legal interns at the rate of $150 per hour. C1 Design contends that the nature of and duties performed by the legal interns in this matter warrant an increase in the market rate for legal interns. The United States does not dispute that reimbursement for time expended by legal interns is allowed by the statute; however, they contend the hourly rate of $150 is excessive and that it should be reduced to $65. For the following reasons, the Court finds an hourly rate of $100 is reasonable for the work performed by the legal interns.

Work performed by paralegals and legal interns is compensable as "litigation costs" under section 7430 if it is work that would have been done by an attorney. *Filicetti v. United States*, No. 1:10-CV-595-EJL-CWD, 2013 WL 959787, at *9 (D. Idaho Jan. 7, 2013), *report and recommendation adopted as modified,* No. 1:10-CV-00595-EJL, 2013 WL 958641 (D. Idaho Mar. 12, 2013).

In support of its argument that $65 per hour is a reasonable billing rate, the United States cites to *Balla v. Idaho State Bd. of Correction*, for the proposition that $65 was a reasonable hourly rate for time billed by paralegals and summer associates in that case. No. CV81-1165-S-BLW, 2013 WL 501646, at *1 (D. Idaho Feb. 8, 2013). Although not mentioned by the United States, this fee order has since been amended. In its amended

order, the Court found (based on the prevailing market rate for a paralegal with nine years of experience) that $165 per hour was a reasonable rate for a paralegal. *Balla v. Idaho State Bd. Of Correction*, No. CV-81-1165-S-BLW, 2016 WL 6762651, at *6 (D. Idaho Feb. 1, 2016). Further, in *In re Hopkins NW Fund LLC* (*Holland & Hart, LLP v. Oversight Comm.*), the Court determined that "the hourly rate of $100 for a paralegal is within the range of charges regularly approved for paralegals in bankruptcy cases and civil matters in the District of Idaho." 567 B.R. 590, 596 (D. Idaho 2017).

Mr. Martelle indicates in his affidavit that he bills time spent by his associates, paralegals, and legal interns at rates between $150 to $250 per hour; Mr. Martelle believes his rates are "reasonable, customary and equivalent to" what a similar law firm would charge. Mr. Martelle does not indicate the experience of his legal interns nor does C1 Design include the affidavit of the legal interns in its fee petition. However, in its reply brief, C1 Design indicated that one of its legal interns, Ms. Mooney, was in a concurrent degree program where she expects to earn a Juris Doctor and a Masters in Accounting.

The Court finds that, in conjunction with the statutory rate of $200 per hour assigned to Mr. Martelle, the rate of $150 for legal intern time is excessive. Although the legal interns in this matter dedicated a lot of time to this matter, they were, nevertheless, law students. The Court reduced Mr. Martelle's requested rate by approximately 33% and finds a similar reduction for the hourly rates for legal intern work results in a reasonable rate that reflects the prevailing market rate for legal interns in the District of Idaho for a

case of this nature. Therefore, the Court will award legal intern fees at the rate of $100 per hour.

### c. Lodestar Adjustment

Pursuant to Section 7430(a), the Court is permitted to award reasonable attorney fees in this action. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Jordan v. Multnomah County,* 815 F.2d 1258, 1262 & n. 5 (9th Cir.1987) (explaining method to arrive at "lodestar" figure). "Once the lodestar amount is determined, the Court then 'assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr*[6] factors that are not already subsumed in the initial lodestar calculation.'" *Wisdom v. Centerville Fire Dist., Inc.*, No. CV07-95-S-EJL, 2010 WL 468094, at *3 (D. Idaho Feb. 4, 2010), *aff'd,* 424 F. App'x 691 (9th Cir. 2011) (citing *Morales v. City of San Rafael,* 96 F.3d 359, 363–64 (9th Cir.1996)).

In support of C1 Design's motion for fees, counsel for Plaintiff submitted a condensed summary of his firm's billing ledger for this matter. The condensed summary of the billing ledger contained substantial blocks of time billed on one day that were in

---

[6] The original Kerr factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions involved: (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and 912) awards in similar cases." *Id.* at 364, n. 8 (citing *Kerr v. Screen Guild Extras, Inc.,* 526 F.2d 67, 70 (9th Cir.1975)). "[T]he court 'need not consider all ... *Kerr* factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award.'" *Cairns v. Franklin Mint Co.,* 292 F.3d 1139, 1158 (9th Cir.2002); *see also Hensley,* 461 U.S. at 363–64) (Kerr "factors irrelevant to the case need not be considered....").

excess of 24 hours, and the time billed contained no reference to the services that were rendered. (Dkt. 108-15, 16.) Although the United States did not object to the amount of time expended on this matter by Mr. Martelle and the other members of his firm, the Court was unable to determine from the initial ledger whether the fees requested by counsel were reasonable. Therefore, the Court requested supplemental information which was provided timely by C1 Design. (Dkt. 115.) Considering the supplemental information, the Court calculated the following loadstar amounts for time expended after June 16, 2016.

|  |  | **Reasonable Rate** | **Hours Reasonably Expended** | **Loadstar** |
|---|---|---|---|---|
| **Martin Martelle** | Attorney | $200 | 74.2 | $14,840 |
| **Austin Frates** | Attorney | $150 | 6.1 | $915 |
|  | Legal Intern | $100 | 4.2 | $420 |
| **Vanessa Mooney** | Legal Intern | $100 | 175.4 | $17,540 |
| **Taryn Basauri** | Legal Intern | $100 | .2 | $20 |
|  |  |  | TOTAL | **$33,735** |

Upon review of the supplemental information filed by C1 Design, as well as the full billing invoices that detail the time spent by the attorneys and legal interns (Dkt. 109-1), the Court finds the hours expended were reasonable and consistent with the nature of this litigation. Accordingly, the Court will award attorney's fees based on the hourly rates and time expended in the total amount of $33,735.00, as illustrated above.

## III. Bill of Costs

C1 Design requests $1,485.63 as litigation costs, including costs associated with photocopying, courier, travel, transcript/deposition, court filing, fax, and research expenses. C1 Design seeks also $6,500.00 in administrative costs for the enrolled tax agents it used to appeal the I.R.S.'s denial of penalty abatement. The United States objects to certain costs requested by C1 Design, specifically to the $885.32 in claimed expenses which lack receipts or documentation, and for costs spent on office supplies.[7] The United States challenges also the administrative costs for the enrolled tax agents as those costs were incurred before the date of the last Qualified Offer on June 16, 2016. For the following reasons, the Court will direct the Clerk to tax costs for deposition costs only, in the amount of $75.17.

As a preliminary note, a motion for costs is not the proper procedure for requesting costs. As indicated by Fed. R. Civ. P. 54(d), costs are allowed to the prevailing party, and "[t]he clerk may tax costs on 14 days' notice." After the clerk taxes the costs, a motion may be served requesting the Court to "review the clerk's action." *Id.* Thus, Plaintiff's motion technically is prematurely before the Court as C1 Design has not filed a bill of costs for the Clerk to tax.

Because C1 Design combined its motion for litigation costs with its petition for attorney's fees, the United States responded to C1 Design's requests. Accordingly, the

---

[7] C1 Design does not address the United States' objections to costs in its reply.

**MEMORANDUM DECISION AND ORDER RE: MOTION FOR ATTORNEY'S FEES AND COSTS - 16**

Court will review the issues presented in the filings and will direct the Clerk to tax costs as indicated below once a bill of costs is filed by C1 Design.

C1 Design attached as an exhibit to its fee petition an accounting ledger from the law firm that includes unitemized expenses. (Dkt. 108-15 at 2.) According to that ledger, $600.31 in expenses were incurred after the date of the Qualified Offer. This total does not match, however, the amount of $612.93 in the summary of fees and costs "After Qualified Offer" also filed by C1 Design. (Dkt. 108-15 at 3.) C1 Design does not explain the difference in these totals. C1 Design attached also several receipts that total $681.73, but failed to explain the difference between the total reflected by the receipts and the litigation costs requested ($1,485.63 - $681.73 = $803.90). And, C1 Design made no effort to itemize or categorize the expenses.

In this regard, the Court finds the United States' objection to the requested costs ($803.90) that lack either accounting detail or documentation valid.[8] Without proper itemization and documentation, it is virtually impossible for the Court to determine whether these costs are reasonable under 26 U.S.C. §7430 (c)(1)(B). Accordingly, these costs will be disallowed.

Likewise, the requested costs for office supplies will be disallowed. Upon review of the receipts which total $681.73, it appears all but $75.17[9] are for costs more typically

---

[8] The United States argued in their response that $885.35 of the requested costs did not have an accounting. However, it appears its math is wrong ($1,485.63 - $681.73 = $803.90).

[9] The $75.17 expense corresponds to court reporter fees for the deposition of Mr. Harrison. (Dkt. 108-17 at 2.) Costs for depositions are recoverable under the statute.

included in law office overhead, such as binders, index tabs, etc. While some receipts appear to be photocopy expenses, it is impossible for the Court to determine from receipts alone whether the copies were necessary for this litigation. Accordingly, $606.56 of this request will be disallowed.

Finally, based on the Court's finding that the United States' position was substantially justified, C1 Design is not entitled to litigation and administrative costs that were incurred prior to the date of the last Qualified Offer. Because the enrolled tax agent costs were incurred in June through December of 2013, long before June 16, 2016, these administrative costs in the amount of $6500.00 will not be allowed.

Based on the above, the Clerk is directed to allow only the $75.17 for court reporter fees for the deposition of Mr. Harrison, included in the receipts filed with C1 Design's motion, when taxing costs.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) C1 Design's Motion for Award of Fees (Dkt. 108) is granted in part, and denied in part. The Judgment entered on February 17, 2017, will be amended to reflect an award of attorney's fees in the amount of $33,735.00.

2) Plaintiff must file its Bill of Costs within fourteen (14) days, to be taxed by the Clerk consistent with the Court's directions above.

DATED: August 3, 2017

_____
Honorable Candy W. Dale
United States Magistrate Judge